IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD PIKE,

      Plaintiff,

v.                                                                      No. 10-CV-1222 BB/ACT

PAYMENT RECOVERY SERVICES, INC.,

      Defendant.

**RULE 58 JUDGMENT ORDER AND ORDER OF
PERMANENT INJUNCTION AGAINST PAYMENT RECOVERY SERVICES, INC.**

This matter came before the Court on an uncontested evidentiary damages hearing on April 19, 2011, following the entry of default against Defendant Payment Recovery Services, Inc. ("PRS"). *See* Docket No. 10. Plaintiff Richard Pike was represented at the damages hearing by Rob Treinen of Treinen Law Office. PRS did not appear. Mr. Pike and his wife, Angela McGuire-Pike, testified at the damages hearing and exhibits that Mr. Pike proffered were entered into the record. Mr. Pike also filed a damages brief prior to the damages hearing. *See* Docket No. 12. Based on this evidence, the Court makes the following Findings of Fact and Conclusions of Law:

      FINDINGS OF FACT:

1. PRS is not licensed as a collection agency as required by the New Mexico Collection Agency Regulatory Act, NMSA 1978 §§ 61-18A-1 *et seq.* ("CARA").

2. PRS engaged in a deceptive debt collection practice via voicemail messages left on Mr. Pike's home telephone number in which it falsely threatened to sue Mr. Pike.

3. These calls constitute efforts to collect a consumer debt in New Mexico.

4. In the voicemail message left on November 1, 2010, PRS did not identify itself and did not state it was a debt collector.

5. PRS never provided Mr. Pike with basic information about the alleged debt, such as the amount claimed owing and the name of the original creditor.

6. PRS never provided Mr. Pike with a recitation of certain rights the consumer is entitled to exercise under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

      ("FDCPA"), as required by 15 U.S.C. § 1692g(a).

7.     PRS never provided Mr. Pike with a letter or any written communication.

8.     A letter dated February 16, 2011, from Rob Treinen, Plaintiff's counsel, to Tom Shepherd, attorney, and to Paul Kienzle, attorney, was faxed on the same date to these two attorneys. In this letter, Mr. Treinen asked "Does Payment Recovery Services intend to default?"

9.     The damages brief, Docket No. 12, was delivered to PRS at 1777 Northeast Expressway NE, Suite 275, Atlanta, Georgia 30329, by certified mail, on April 15, 2011.

10.     The damages brief was delivered to Tom Shepherd, attorney, at 2870 Peachtree Rd., Suite 274, Atlanta, Georgia 30305, by certified mail, on April 15, 2011.

11.     The damages brief was delivered to Paul Kienzle, attorney, at PO Box 587, Albuquerque, New Mexico 87103-0587, by certified mail, on April 14, 2011.

12.     Mr. Pike has suffered fear of being sued, aggravation and frustration due to PRS's conduct.

13.     PRS's conduct constitutes a pattern and practice of abusive and unlawful debt collection tactics.

14.     PRS's conduct was willful, reckless and malicious.

CONCLUSIONS OF LAW:

1.     This Court has jurisdiction over PRS concerning the claims brought in the lawsuit.

2.     PRS is in default and Mr. Pike is entitled to a default judgment against it.

3.     PRS is a "debt collector" as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(6).

4.     PRS has violated the FDCPA, specifically §§ 1692d(6), 1692e, 1692e(5), 1692e(11) and 1692g(a).

5.     PRS willfully violated the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1 *et seq.* ("UPA"), both generally and specifically § 57-12-2(D)(15).

6.     Mr. Pike is entitled to an injunction against PRS under the UPA and pursuant to the Court's inherent authority.

IT IS ORDERED:

1. Mr. Pike is granted a default judgment against PRS.

2. PRS, its employees, agents, attorneys, successor corporations and any person who collects under the name "PR Services" who has actual or constructive knowledge of this order is permanently enjoined from attempting to collect any consumer debts via a telephone call placed to the 505 or 575 area codes or via a letter sent to any address in New Mexico:

    a. without first obtaining a license as a debt collection agency with New Mexico Financial Institutions Division;

    b. where it falsely threatens to file a lawsuit;

    c. where it fails to identify itself; or

    d. where it fails to provide basic information about the debt or the recitation of a consumer debtor's rights as required by 15 U.S.C. § 1692g(a).

3. Mr. Pike is awarded statutory damages under the FDCPA in the amount of $1,000.

4. Mr. Pike is awarded actual damages under the UPA in the amount of $10,000.

5. Actual damages under the UPA are trebled; that is, $30,000 are awarded under this Act.

6. Mr. Pike is awarded attorney fees and costs under the FDCPA and under the UPA in the total amount of $3,528.

7. The total amount in statutory damages, trebled actual damages and attorney fees and costs awarded to Mr. Pike is $34,528.

8. Post-judgment interest on this judgment amount shall be at the rate set forth in 28 U.S.C. § 1961, to run from the date of entry of this judgment.

9. Mr. Pike is entitled to collect from PRS attorney fees and costs reasonably accrued in defending this judgment, provided that he is successful in the defense of this judgment, and attorney fees and costs reasonably accrued in any collection and/or enforcement actions taken pursuant to this judgment.

_____
HONORABLE BRUCE D. BLACK
United States District Court Judge